George **BIDERMAN** et al., Plaintiffs-Appellants,

v.

Rogers C. B. **MORTON**, Secretary of Interior, et al., Defendants-Appellees,

Constitutional Rights Committee of Kismet, Intervenor-Appellee-Cross-Appellant.

Nos. 292 and 479, Dockets 74–2016 and 74–2096.

United States Court of Appeals, Second Circuit.

Argued Oct. 17, 1974.

Decided Nov. 7, 1974.

Donald J. Cohn, New York City (Thomas H. Jackson, New York City, of counsel), for plaintiffs-appellants.

Harold J. Friedman, Asst. U. S. Atty. (David G. Trager, U. S. Atty., for the Eastern District of New York, Raymond J. Dearie, Asst. U. S. Atty., of counsel), for Federal defendants-appellees.

C. Francis Giaccone, Lake Ronkonkoma, N. Y., for defendants-appellees Barraud, Romeo and Carnes.

Francis G. Caldeira, Town Atty., Islip, N. Y. (Edward S. Raskin, Asst. Town Atty.), for defendants-appellees Cohalan, Cruz and Schermerhorn.

Robert M. Calica, Mineola, N. Y. (English, Cianciulli, Reisman & Peirez, Mineola, N. Y., on the brief), for intervenor-appellee-cross-appellant.

Before FEINBERG, MULLIGAN and DANAHER *, Circuit Judges.

PER CURIAM:

This is an appeal from an order of Hon. John F. Dooling, Jr., United States District Judge for the Eastern District of New York, denying a motion by the plaintiffs for a preliminary injunction pending the completion and implementation of an Environmental Impact Statement (EIS) pursuant to the National Environmental Policy Act, 42 U.S.C. § 4321 et seq. The relief sought would enjoin the federal defendants from approving, issuing, granting or authorizing motor vehicle permits except to provide for essential services and for the health and safety of the residents of and visitors to the Fire Island National Seashore; and from allowing motor vehicles to be operated on the Seashore except for these purposes. The plaintiffs as property owners and as representatives of property owner organizations within the Fire Island National Seashore commenced this action on August 9, 1972. On August 22, 1973, a motion for preliminary injunctive relief was made. On September 18, 1973, Judge Dooling denied the motion in part with respect to items not in issue before us. (This denial was affirmed here. Biderman v. Morton, 497 F.2d 1141 (2d Cir. 1974)). The motor vehicle permit question was held in abeyance since the National Park Service (NPS) had planned to issue interim motor vehicle regulations. Rather than approach the environmental problems involved in a piecemeal fashion, the NPS deferred action until a Master Plan and EIS for the National Seashore have been prepared.

Plaintiffs thereupon sought and received a four-day evidentiary hearing in June and July, 1974 on the motor vehicle issues. Intervenor, the Constitutional Rights Committee of Kismet, which is an appellee-cross-appellant here, claiming that the existing motor vehicle regulations are in fact onerous and impose restraints on their constitutional due process and equal protection rights, also participated in the hearings. The Committee sought preliminary injunctive relief against the federal defendants' enforcement of the regulations with respect to Committee members and the defendants' refusal to issue permits based upon grounds not set forth in the regulations. In addition to several experts, numerous residents and municipal officials testified at the hearing.

On July 19, 1974, Judge Dooling filed a comprehensive 25-page memorandum and order which denied injunctive relief to the plaintiffs as well as to the intervenor. It is beyond cavil that the determination of a trial court denying injunctive relief pendente lite will not be set aside by an appellate court unless an abuse of discretion or clear mistake of law has been established. 414 Theater Corp. v. Murphy, 499 F.2d 1155, 1159 (2d Cir. 1974); Exxon Corp. v. City of New York, 480 F.2d 460, 464 (2d Cir. 1973). We find none here and affirm

* Senior Circuit Judge of the District of Columbia Circuit, sitting by designation.

substantially on the grounds set forth in the opinion below.

While the issues raised below are broad in scope, with respect to the plaintiffs' claims Judge Dooling found in essence that there was a failure to establish that the incremental environmental effect of continuing to issue private vehicle permits over the environmental effect of the use of the Island for vacation habitation and for indispensable vehicular traffic, had any significant dimensions. He noted that present federal and municipal regulations and guidelines indicated a sympathetic concern for the ecological problems facing the Island, together with a consciousness that some measure of motor vehicle usage is in any event inevitable. He flatly found that "[m]otor vehicle traffic is not, as plaintiffs assert . . ., destroying the Seashore. That is not, on the evidence, the fact." He also found that plaintiffs' "meagre" hard core data did not support the assertion that there has been a great and accelerating growth in motor vehicle traffic; such "is not found to be the fact." With respect to the intervenor, the court found that there was no "unavoidable hardship" involving the residents of Kismet and insufficient evidence of prescriptive rights to traverse certain areas by automobile.

We find nothing in the record to substantiate the claim of either appellants or the cross-appellant that these findings are clearly erroneous. Of substantial significance here is the representation by NPS officials that, on or about January 1, 1975, a Master Plan and EIS for the entire Seashore will be issued which will include proposed motor vehicle regulations in the context of the overall ecological system and which will provide ample opportunity for public comment and the expression of the conflicting views revealed below. In view of these circumstances, we believe it particularly inappropriate to interfere with the discretion of the trial court and to impose interim motor vehicle regulations in the face of overall planning by responsible federal agencies. This is especially true when the summer season has passed and the Fire Island community is spared the onslaught of the vacationers from the Metropolis and environs. We believe, however, that it is in the interest of the public and the parties involved here in particular that NPS adhere to its announced target date, January 1, 1975, for the completion of the Plan and EIS.

Affirmed.